IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | CIVIL ACTION NO. |
| Plaintiff, ) ) | |
| vs. ) ) | **COMPLAINT AND JURY DEMAND** |
| CONTINENTAL STRUCTURAL PLASTICS, INC., ) ) | |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendment Act of 2008 (ADA as amended), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Joseph Guth (Guth). As alleged with greater particularity below, Continental Structural Plastics, Inc. (Defendant) discriminated against Guth because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Continental Structural Plastics, Inc. (the "Employer") has continuously been a corporation doing business in Conneaut, Ohio and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§2000e-(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

7. At all material times, Defendant was Guth's employer. In the alternative, Defendant is liable for the disability discrimination at issue because it is a covered employer and it interfered with Guth's rights guaranteed by the ADA as amended.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Joseph Guth filed a charge with the Commission alleging violations of the ADA by Defendant.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least December 11, 2009, Defendant has engaged in unlawful employment practices at its Conneaut, Ohio facility in violation of the ADA. The unlawful employment practices include, but are not limited to, the following:

A. Guth does not have fingers on his right hand and, therefore, is substantially limited in the functioning of the musculoskeletal system, a major bodily function. Additionally, Guth is substantially limited in performing manual tasks.

B. Defendant knew that Guth was physically impaired, as described in ¶10(A).

C. On December 11, 2009, Defendant hired Guth.

D. Guth reported for work with Defendant on December 11, 2009.

E. Guth was qualified to perform work for Defendant, as defined by the ADA as amended.

F. Guth completed his shift on December 11, 2009. At no time during Guth's shift did Defendant advise him that his work was unacceptable. To the contrary, before leaving the workplace, Guth confirmed that Defendant wanted him to report for work on his next scheduled work day.

G. Guth performed the work assigned to him in an above satisfactory manner. Those who observed his work that day told him that he had done a good job.

H. On December 11, 2009, Guth was directed to operate a particular machine known as a "hole-punch" machine, which Defendant claimed required Guth to press a button using a finger on his right hand while operating the machine with his left hand.

I. Because Guth has no fingers on his right hand, Defendant concluded that Guth could not operate the "hole-punch" machine with or without an accommodation.

  J. Defendant did not talk to Guth about what accommodations, if any, could be made that would allow him to operate the "hole-punch" machine. Defendant did not engage in any interactive process with Guth regarding his physical impairment.

  K. Defendant failed to provide Guth with a reasonable accommodation which would have allowed him to operate the "hole punch" machine.

  L. Although there was work available for Guth at a "molding" machine, Defendant assumed that Guth could not operate the "molding" machine because of his physical impairment.

  M. Defendant did not offer Guth the opportunity to work at the "molding" machine and did not ask Guth to try operating the machine in an effort to determine whether Defendant could accommodate him.

  N. Defendant failed to accommodate Guth in any manner, including providing: devices/tools that would have permitted Guth to operate certain machines; providing alternative jobs or assignments; training on Defendant's machinery; job modification; or other reasonable accommodations.

  O. When Guth returned home after work on December 11, 2009, he received notice that Defendant would not permit him to return to work because Defendant concluded that Guth's disability prevented him from working for Defendant.

  P. Defendant discriminated against Guth because of disability when it failed to reasonably accommodate him and terminated him

4

11. The effect of the practices complained of in paragraph 10 above has been to deprive Guth of equal employment opportunities because of disability in violation of the ADA as amended.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to Guth's federally protected rights.

13. The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Guth by depriving him of equal employment opportunities in violation of the ADA as amended.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates based on disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make Guth whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to appropriate back pay with prejudgment interest and job search expenses, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant to reinstate Guth and to comply with the ADA as amended by engaging in the interactive process and otherwise satisfying its duty to reasonably accommodate Guth.

E.    Order Defendant to make Guth whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering and inconvenience in amounts to be determined at trial.

F.    Order Defendant to pay Guth punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Washington, DC

*/s/ Debra M. Lawrence*
Debra M. Lawrence
Regional Attorney

*/s/ M. Kate Boehringer*
M. Kate Boehringer
Supervisory Trial Attorney
Baltimore, Maryland

                    */s/ Solvita A. McMillan*
                    Solvita A. McMillan (0040011)
                    Senior Trial Attorney
                    EEOC Cleveland Field Office
                    AJC Federal Building – Suite 3001
                    1240 East 9th Street
                    Cleveland, Ohio 44199
                    solvita.mcmillan@eeoc.gov