UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:11-CV-02081 ) |
| CONTINENTAL STRUCTURAL PLASTICS, INC., | ) Judge Donald C. Nugent ) ) Consent Decree |
| Defendant. | ) |

## INTRODUCTION

A.  In this Action instituted by the United States Equal Employment Opportunity Commission (EEOC) on September 30, 2011 against Continental Structural Plastics, Inc. (Defendant), EEOC asserted claims arising under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), and Title I of the Civil Rights Act of 1991.

B.  In the interest of resolving this matter, and as a result of having engaged in comprehensive negotiations, EEOC and Defendant (the Parties) have agreed that this Action should be finally resolved by entry of this Decree.

C.  This Consent Decree is entered into by the EEOC and Defendant. This Consent Decree shall be final and binding between the EEOC and Defendant, its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it.

D.  It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims or

defenses asserted in this case. Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

    E.    The Parties agree that this Decree shall fully and finally resolve all claims that were filed by EEOC against Defendant in <u>EEOC v. Continental Structural Plastics, Inc.</u>, Civil Action No. 1:11-cv-02081 arising from EEOC Charge No. 532-2010-00432. Nothing in this Decree shall affect EEOC's ability and/or authority to process, investigate, and/or litigate any Charge of Discrimination other than the Charge referenced in this Paragraph.

## ORDER

Upon consent of the Parties to this action, it is hereby ORDERED, ADJUDGED and DECREED that:

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. In all matters arising from or relating to employment, Defendant and its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, or any of them, are enjoined from engaging in any employment practices which violate the ADAAA in regard to application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. Prohibited discrimination includes, but is not limited to the following:

    a.    failing to engage in an interactive process with an individual as required by the ADAAA;

    b.    refusing to employ or rehire a qualified individual with a disability because of his/her disability;

    c.    refusing to provide a reasonable accommodation to a qualified individual with a disability;

    d.    laying off a qualified individual with a disability because of his/her disability;

     e.     maintaining any practice or policy that violates the ADAAA by depriving or tending to deprive a qualified individual with a disability of employment opportunities because of such individual's disability;

     f.     making disability related pre-employment inquiries: or

     g.     rejecting a qualified individual with a disability for employment based upon a generalized or blanket exclusion without individually assessing the applicant's ability to perform the essential functions of the job with or without a reasonable accommodation.

3.    Nothing in this Decree, either by inclusion or exclusion, shall be construed to limit authority to process or litigate any Charge of Discrimination (except EEOC Charge No. 532-2010-00432), including any Charge which may be filed against Defendant in the future.

## MONETARY RELIEF

4.    Defendant shall pay to Charging Party Joseph Guth the amount of $105,000.00, with $25,000.00 of that amount representing back pay, for which Defendant shall issue an IRS form W-2 to Joseph Guth and $80,000.00 representing Guth's non-wage compensatory damages, for which Defendant shall issue an IRS form 1099 to Joseph Guth. Defendant shall mail both IRS forms to Joseph Guth at a mailing address which EEOC will provide to Defendant.

## NOTICE POSTING

5.    Within ten (10) business days after entry of this Decree, Defendant shall post in its Conneaut, Ohio facility the Notice attached as Exhibit 1 to this Decree on bulletin board(s) in areas commonly used by Defendant for communicating with employees. The Notice shall remain posted for the duration of this Decree. Counsel for Defendant shall provide a copy of the Notice, and an indication of the date and location(s) of its posting(s), to Solvita A. McMillan and Jeffrey Stern, Trial Attorneys, at EEOC's Cleveland Field Office within ten (10) days of the posting(s). Defendant shall permit a representative of the EEOC to enter Defendant's Conneaut premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

Defendant shall take all reasonable steps to ensure that the posting(s) are not altered, defaced or covered by any other material. Should any posted notice(s) become defaced, removed, marred, or otherwise illegible, Defendant shall replace such notice as soon as practicable.

## ADAAA POLICIES AND PROCEDURES

6. Within thirty (30) days of the date of entry of this Consent Decree, Defendant shall reexamine its existing policies and practices for its Conneaut, Ohio facility to ensure those policies and practices are consistent with the terms of this Decree and the ADAAA and to ensure that its policies and practices include the following provisions:

   a. an internal ADAAA complaint procedure;

   b. a policy statement and procedures for providing reasonable accommodation for individuals with disabilities, which complies with the ADAAA; and

   c. a requirement that Defendant's managers in its Conneaut, Ohio facility (including any supervisors or managers whom Defendant contends are employed by temporary agencies) engage in the interactive process as required by the ADAAA regarding all applicants and employees, including temporary employees.

7. Within thirty (30) days of the date of entry of this Consent Decree, Defendant shall effectively disseminate its reasonable accommodation procedures to all employees and temporary workers at its Conneaut, Ohio facility. Posting policies electronically, or making them available to employees through an Intranet service, or other website, shall not be sufficient to comply with this Consent Decree. Specifically, Defendant shall take the following action regarding dissemination of procedures:

   a. post an outline of the reasonable accommodations procedures and ADAAA policy in a conspicuous place at its Conneaut worksite where the other EEO and labor notices are posted;

   b. distribute a copy of Defendant's written ADAAA policy and procedures to all current employees at its Conneaut, Ohio facility;

4

    c.    provide written notification to all applicants at its Conneaut, Ohio facility that Defendant follows a reasonable accommodation procedure, and that reasonable accommodations are available and the method for obtaining a reasonable accommodation;

    d.    provide Defendant's managers at its Conneaut, Ohio facility with a copy of Defendant's compliant ADAAA policy and procedures;

    e.    notify all new employees of Defendant's ADAAA policy upon the employee's hire; and

    f.    rescind and/or discontinue any of Defendant's policies or practices at its Conneaut, Ohio facility which are inconsistent with the terms of this Decree.

8.    Within ninety (90) days of the entry of this Consent Decree, and on an annual basis for the duration of this Consent Decree, Defendant shall provide ADAAA training for: Defendant's management employees; Defendant's supervisors; any employee of Defendant involved in the process of hiring persons to work for Defendant and/or to place temporary workers in Defendant's Conneaut, Ohio facility; and non-management employees and temporary workers assigned to Defendant on the day of any such training. Training shall be provided by lawyers from the law firm Laner Muchin, Ltd. and such training shall be provided in person or by live video presentation in a manner which permits trainees to interact with the trainer/s.

9.    Defendant agrees to include the following topics in all annual ADAAA training sessions:

    a.    an overview of the ADAAA, Defendant's obligations under the Act, and applicant and employee rights under the Act;

    b.    non-discrimination in hiring and recruitment;

    c.    reasonable accommodation in the application and hiring process;

    d.    procedures for addressing reasonable accommodation requests in the application and hiring process, including the designation of an "ADAAA Coordinator" in Defendant's Human Resource Department;

    e.    examples of accommodations in the application and hiring process for people with disabilities;

  f. awareness of issues affecting employees and applicants who have disabilities;

  g. explaining the ADAAA complaint procedure and that any decision about undue hardship in the provision of a reasonable accommodation shall be made by an ADAAA Coordinator in Defendant's human resources department;

  h. Defendant's commitment to complying with the ADAAA; and

  i. Defendant's commitment to engage in the interactive process required by the ADAAA.

10. Defendant agrees to provide ADAAA training to all managers and supervisors (including those employed by a temporary agency) on an annual basis.

11. No later than one month before each training session, Defendant will provide EEOC with copies of all pamphlets, brochures, outlines, or other written materials that Defendant intends to provide to the participants of each training session. Copies of all of the aforementioned materials shall be sent to the EEOC's Cleveland Field Office and directed to the attention of Solvita A. McMillan and Jeffrey Stern, Trial Attorneys.

12. All personnel who attend the annual ADAAA training shall sign an attendance roster. The registry of attendance shall be retained by Defendant for the duration of this Decree.

## REPORTING REQUIREMENTS

13. Within 90 days after entry of this Decree, Defendant will provide EEOC with a copy of its ADAAA policies and will advise Solvita A. McMillan and Jeffrey Stern, Trial Attorneys, at EEOC's Cleveland Field Office, that Defendant's ADAAA policies have been distributed in compliance with the Decree. Defendant will retain copies of acknowledgments of receipt in employee personnel files.

14. Defendant will report in writing to Solvita McMillan and Jeffrey Stern, EEOC Trial Attorneys, Cleveland Field Office, that it has complied with paragraphs 8 through 12 of this

Decree. The report will describe the manner in which Defendant complied with the Decree, including a listing of the dates, locations for the staff training and development described above together with a copy of the attendance roster. This report shall be submitted not later than one hundred twenty (120) days from the date this Decree is approved and entered.

15. During the term of this Decree, Defendant shall submit, through its counsel, written notification to EEOC of any and all charges, complaints or reports (i.e. internal complaints or official allegations) of denial of a reasonable accommodation to an individual with a disability and any action taken by Defendant in response to the complaints or reports, as well as all documentation related to the allegations, investigation and disposition of the charge, complaint or report. Defendant's notification to EEOC, through its counsel, must be sent to the attention of Solvita A. McMillan and Jeffrey Stern, Trial Attorneys, EEOC Cleveland Field Office, within thirty (30) days of any charges, complaints or reports. Such notifications must be updated and sent to EEOC's Cleveland Field Office every thirty (30) days thereafter until final action is taken by Defendant on the charge, complaint or report. Defendant shall append to all notifications required by this provision of the Decree any and all non-privileged documents generated or obtained in the course of its investigations, including, but not limited to, any investigatory reports, memoranda, notes, witness statements, affidavits or other investigation-related materials.

## MISCELLANEOUS PROVISIONS

16. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

17. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Defendant. This Paragraph shall not be construed as placing any limit on remedies available to the Court in the event of any violation of this Decree.

18. This Consent Decree shall be filed in the United States District Court for the Northern District of Ohio and shall continue to be in effect for a period of two (2) years from the date of entry. The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree for its duration.

ON BEHALF OF DEFENDANT
CONTINENTAL STRUCTURAL
PLASTICS, INC.

/s/James J. Convery
JAMES J. CONVERY
JOSEPH H. YASTROW
LANER MUCHIN, LTD.
515 NORTH STATE STREET
CHICAGO, ILLINOIS  60654
TEL:  (312)467-9800
FAX: (312)367-9474

ON BEHALF OF PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

DEBRA LAWRENCE
REGIONAL ATTORNEY
BALTIMORE, MARYLAND

KATE NORTHRUP
SUPERVISORY TRIAL ATTORNEY
BALTIMORE, MARYLAND

/s/Solvita A. McMillan
SOLVITA A. MCMILLAN (0040011)
TRIAL ATTORNEY
EEOC CLEVELAND FIELD OFFICE
AJC FEDERAL BUILDING
1240 EAST 9TH STREET, ROOM 3001
CLEVELAND, OHIO  44199
TEL: (216)522-7676
FAX:(216)522-7430
solvita.mcmillan@eeoc.gov

_____ 8/30/13
DONALD C. NUGENT
U.S. DISTRICT COURT JUDGE

## NOTICE TO ALL CONTINENTAL STRUCTURAL PLASTICS, INC. EMPLOYEES

This Notice is posted pursuant to a Consent Decree resolving a lawsuit brought by the United States Equal Employment Opportunity Commission ("EEOC") against Continental Structural Plastics, Inc. ("CSP") entitled *EEOC v. Continental Structural Plastics, Inc.*, Civil Action No. 1:11-CV-2081 (N.D. Ohio E.D).

The EEOC brought suit against CSP, alleging that it violated the Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendment Act of 2008 ("ADAAA") by discriminating against a qualified individual with a disability. More specifically, EEOC alleged, in part, that CSP discriminated against one of its workers when it terminated him because of his disability and failed to accommodate his disability.

The ADAAA makes it illegal to discriminate against a qualified person with a disability. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. The law also requires that employers reasonably accommodate the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless the employer can prove that doing so would impose an undue hardship on the operation of the employer's business.

Pursuant to the Consent Decree resolving this lawsuit, CSP paid monetary relief to the worker and agreed to provide other relief, including providing annual ADAAA training sessions, establishing and maintaining personnel policies consistent with the requirements of the ADAAA, and providing periodic reports to EEOC to ensure CSP's continued compliance with the requirements of the ADAAA and the terms of the Consent Decree.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Solvita A. McMillan and Jeffrey Stern, EEOC Trial Attorneys, EEOC Cleveland Field Office, AJC Federal Building – Suite 3001, 1240 East 9th Street, Cleveland, Ohio 44199, or by e-mail at: jeffrey.stern@eeoc.gov.

_____
**Frank Macher**
**Chief Executive Officer**
**Continental Structural Plastics**

Dated: _____